**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HANDA NEUROSCIENCE, LLC, HANDA PHARMACEUTICALS, INC., HANDA PHARMA, INC., and HANDA PHARMACEUTICALS, LLC,<br><br>　　　　　　Defendants. | CASE NO. 5:21-CV-03397-EJD-SVK<br><br>**ORDER FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")** |

After conferring on these matters, Plaintiff Novartis Pharmaceuticals Corporation ("Novartis" or "Plaintiff") and Defendants Handa Pharmaceuticals, Inc., Handa Pharma, Inc., Handa Pharmaceuticals, LLC, and Handa Neuroscience, LLC (collectively, "Handa" or "Defendants") hereby stipulate to the following protocol for electronic discovery:

**1.     General Provisions**

a.     **General**.  This Order may be modified in the Court's discretion or by stipulation.  As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

b.     **Cooperation**.  Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26–36.  In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or until the parties reach agreement.

c.     **Proportionality**.  Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1]  This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

d.     **Preservation of Discoverable Information**.  A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

(i)     Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

(ii)     Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

1

        (iii)    Absent a showing of good cause, neither Plaintiff nor Defendants will be obligated to collect or produce any ESI that exists solely on backup tapes.

    e.    **Privilege**.

        (i)    The parties have agreed to the following requirements for the formatting and contents of privilege logs:

                (i)    Each entry shall contain control numbers or other unique identifiers that shall persist for the same document through any revisions or updates to the log.

                (ii)    Each entry corresponding to privilege redactions in a produced document shall identify the Bates number of the redacted document.

                (iii)    Each entry shall identify as available the date, sender, recipients, custodian, and privileged actor (*e.g.*, attorney), as well as a description of the contents of the document sufficient to evaluate the assertion of privilege and the type of privilege asserted.

                (iv)    Each party shall produce and maintain only one privilege log for withheld and redacted documents, with updates, revisions, and supplements causing reproduction of the single log in full, with new entries placed consecutively after pre-existing entries.

        (ii)    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

**2.**    **Initial Disclosures**.  By February 11, 2022, each party shall disclose:

    a.    **Custodians**.  The ten custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely.  The custodians are to be identified by name, title, role in the instant dispute, and the subject matter of the information.

      b.      **Non-custodial data sources**.[2] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

**3.**      **Specific E-Discovery Issues**.

      a.      **On-site inspection of electronic media**.  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

      b.      **Search methodology**.  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request 10 additional terms to be used in connection with the electronic search.  Focused terms, rather than overbroad terms (e.g., product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).  The parties may jointly agree to additional search terms or custodians without leave of Court.  The Court shall consider contested requests for additional search terms or custodians upon a showing of good cause based on the size, complexity, and issues of this specific case.  Contested requests are to be submitted in accordance with Judge van Keulen's Civil and Discovery Referral Matters Standing Order (and in compliance with Civil Local Rule 79-5, if applicable).  Cost-shifting may be considered in resolving any such dispute.

      c.      **Format**.  ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF).  When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.  The parties shall produce their information in the following format: single page TIFF images and associated multipage text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage, or maintain the ESI in the system or container (e.g., enterprise system or database).

1        d.    **Native files**. The only files that should be produced in native format are files not
2   easily converted to image format, such as Excel and Access files. A party may request native
3   versions of any such files (*e.g.*, Excel files), and if the parties are unable to agree to their production
4   after meeting and conferring, the requesting party may move the Court for their production. The
5   producing party shall bear the burden to show why such documents should not be re-produced in
6   native format.

7        e.    **Metadata fields**. The parties are only obligated to provide the following
8   metadata for all ESI produced, to the extent such metadata exists:

| | |
|---|---|
| • ProdBeg | • Email Subject |
| • ProdEnd | • Conversation Index |
| • ProdBegAttach | • FileName |
| • ProdEndAttach | • Author |
| • File Path | • DateCreated |
| • Email From | • DateLastModified |
| • Email To | • EmailRecDate |
| • Email CC | • EmailRecTime |
| • Email BCC | • MD5HASH or SHA Hash |
| • Email Date Sent | • DocText (File Path to document text file) |
| • Email Time Sent | • Custodian |
| • File Size | • File Extension |

**IT IS SO ORDERED**.

DATED: February 2, 2022

_____
HONORABLE SUSAN VAN KEULEN
United States District Court Magistrate Judge

4

# SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.
2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
3. On-line access data such as temporary internet files, history, cache, cookies, and the like.
4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
6. Voice messages.
7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.
8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.
9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.
10. Logs of calls made from mobile devices.
11. Server, system or network logs.
12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.
13. Data remaining from systems no longer in use that is unintelligible on the systems in use.